## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

TIMMIE ALAN PIERCE a/k/a )
TIMOTHY A. PIERCE a/k/a )
TIM A. PIERCE )
                  )     Case No. _____
     Plaintiff, )
                  )
vs. )     **PLANTIFF DEMANDS TRIAL BY**
                  )     **A JURY ON ALL CLAIMS**
MICHAEL RYAN, In his Individual )
Capacity, )
TIMOTHY HARRIS, In his Individual )
Capacity, )
DANIEL R. BULLOCK, In his )
Individual Capacity and )
ST. FRANCOIS COUNTY, MISSOURI )
                  )
     Defendants. )

### COMPLAINT

COMES NOW Plaintiff, Timmie Alan Pierce a/k/a Timothy A. Pierce a/k/a Tim A. Pierce for his Complaint against Defendants, Michael Ryan, in his individual capacity, Timothy Harris, in his individual capacity, Daniel R. Bullock, in his individual capacity, and St. Francois County, Missouri, and states:

### JURY DEMAND

1.    Plaintiff demands trial by a jury on all claims.

### VENUE AND JURISDICTION

2.    Plaintiff, Timmie Alan Pierce a/k/a Timothy A. Pierce a/k/a Tim A. Pierce ("Timmie") is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.

Pierce vs. Ryan, et al.

3.      Defendant, Michael Ryan ("Sergeant Ryan"), in his individual capacity, is a Deputy Sheriff for St. Francois County Missouri.  He is a resident of St. Francois County, Missouri.  He is a citizen of the State of Missouri.  This action is brought against him in his individual capacity.

4.      Defendant, Timothy Harris ("Officer Harris"), in his individual capacity, is a Deputy Sheriff for St. Francois County Missouri.  He is a resident of St. Francois County, Missouri.  He is a citizen of the State of Missouri.  This action is brought against him in his individual capacity.

5.      Defendant, Daniel R. Bullock ("Sheriff Bullock"), in his individual capacity, is the Sheriff of St. Francois County Missouri.  He is a resident of St. Francois County, Missouri.  He is a citizen of the State of Missouri.  This action is brought against him in his individual capacity.

6.      Defendant, St. Francois County Missouri, is a municipality and a political subdivision of the State of Missouri.

7.      Plaintiff brings this action for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

8.      During June 2011, Sergeant Ryan and Officer Harris conducted a warrantless search of the chicken coop which was a building immediately surrounding Plaintiff's home.  The materials obtained in the warrantless search were then used to convict Plaintiff of several drug offenses, during June 2015.  Plaintiff was sentenced to a total term of twenty-six years in prison.  Plaintiff appealed.  The Appellate Court determined that the chicken coop was within

Pierce vs. Ryan, et al.

the curtilage of Plaintiff's home and that exigent circumstances did not justify the warrantless search.  Plaintiff's conviction and sentence were vacated and the order denying Plaintiff's Motion to Suppress the materials obtained during the Warrantless search was reversed, and the case remanded.  Without the materials obtained illegally during the warrantless search, the State of Missouri, acting through St. Francois County, did not have evidence of the commission of a crime.  The State of Missouri and St. Francois County declined to re-try the case.  Plaintiff served twenty-one months in prison as a result of the unlawful search, seizure and conviction.

9.     This Court has venue under 28 U.S.C. § 1391(b)(1) and (2).

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, et seq. and 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

11.     On about June 15, 2011, Sergeant Ryan and Officer Harris conducted a warrantless search of Timmie's home and chicken coop near Bonne Terre, St. Francois County, Missouri, located on 3.9 acres of wooded property and completely enclosed with a barbed-wire fence with "Private Property" and "No Trespassing" signs on each of the two driveways.

12.     On previous occasions Timmie had denied the requests by police officers to search his property.  Sergeant Ryan and Officer Harris were aware that previous requests to search had been denied.

13.     Sergeant Ryan and Officer Harris conducted a warrantless search and removed materials from Timmie's chicken coop on about June 15, 2011.

Pierce vs. Ryan, et al.

14.    The materials obtained in the warrantless search were used to file criminal charges against Timmie, claiming that he possessed materials used for making illegal drugs.

15.    Timmie filed a Motion to Suppress the materials obtained during the warrantless search.  The Motion to Suppress was denied.

16.    The criminal case against Timmie was tried during June 2015, resulting in a jury verdict of conviction for various drug offenses.

17.    Timmie paid Attorney Nick Zotos, $12,000.00 to represent him in the trial of the criminal case.

18.    After conducting the warrantless search on June 15, 2011, Sergeant Ryan and Officer Harris arrested Timmie, without an arrest warrant, handcuffed him, and then beat him up by striking him with their fists, causing internal bruises.

19.    Timmie was incarcerated in the St. Francois County Jail for about twenty-eight days, beginning on June 15, 2011, until he obtained bond, and again for an additional twenty-six days, beginning on about February 5, 2013, until bond was again provided.

20.    The criminal case was tried during June 2015, resulting in a jury verdict of guilty of various drug offenses on about June 19, 2015.  Timmie was sentenced to twenty-six years in prison.

21.    Timmie was incarcerated in the Missouri State Penitentiary from about June 11, 2015 until January 20, 2017, about twenty-one months.  He

Pierce vs. Ryan, et al.

spent a total of about twenty-three months incarcerated as a result of these charges.

22.     Timmie appealed.  He was represented by the Missouri State Appellate Public Defender.

23.     On September 6, 2016, the Missouri Court of Appeals issued its Decision vacating the conviction and sentence, reversing the Order denying Timmie's Motion to Suppress the materials obtained in the warrantless search and remanding the case for further proceedings.  A copy of that Appellate Opinion is attached as Exhibit A.

24.     The State filed a Motion for Rehearing and/or to Transfer to the Missouri Supreme Court, which was denied on October 13, 2016.

25.     The State then filed an Application for Transfer with the Missouri Supreme Court, which was denied on December 20, 2016.

26.     Timmie was released from prison on about January 20, 2017.

27.     While Timmie was incarcerated, personal property was stolen from his home, including televisions, a kitchen stove, furniture, chain saws and tools with a total value in excess of $40,000.00.

28.     While Timmie was incarcerated, he lost wages in a sum in excess of $40,000.00 per year, for a total loss in excess of $80,000.00 in lost wages.

29.     Defendants, Sergeant Ryan and Officer Harris, removed about twenty-two guns from Timmie's home, on about June 15, 2011.  Timmie owned all, approximately, twenty-two guns.

30.     The guns have a combined fair-market value of $20,000.00.

Pierce vs. Ryan, et al.

31.     After his release from prison on January 20, 2017, Timmie demanded the return of his guns from Defendant, Sheriff Bullock, who refused to return them.

32.     Timmie's attorney then wrote to the prosecuting attorney and to Sheriff Daniel Bullock demanding the return of Timmie's guns, on February 14, 2017.  A copy of that two-page letter is attached hereto as Exhibit B and incorporated herein by reference.

33.     On February 22, 2017, the prosecuting attorney, Jerrod Mahurin, wrote the Sheriff's office stating that the prosecutor saw no problem in returning the guns to Timmie.  A copy of that two-page letter is attached as Exhibit C and incorporated herein by reference.

34.     Notwithstanding the letters set forth in Exhibits B and C, Sheriff Daniel Bullock, and all his deputies, have refused to return the guns, despite repeated additional demands for their return.

## COUNT I

## (TIMMIE AGAINST SERGEANT RYAN, OFFICER HARRIS AND SHERIFF BULLOCK, UNDER 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

35.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34 as fully set forth above.

36.     At all times herein relevant Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, were acting under color of state law.

Pierce vs. Ryan, et al.

37.     Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, acting in concert, falsely arrested Timmie on criminal charges of possession of drug paraphernalia, without probable cause.

38.     Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, falsely arrested, imprisoned and prosecuted Timmie without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

39.     Timmie has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00, which Timmie is entitled to recover from the Defendants under 42 U.S.C. § 1988.

40.     The conduct of Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification, warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

41.     As a direct result of the denial by Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, of Plaintiff's right to be free of unlawful search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of twenty-one months, and incarceration for an additional two months, for a total of twenty-three months, resulting in loss of freedom of movement, in a sum in excess of $1,000,000.00.

(b)     Loss of wages in a sum in excess of $80,000.00;

Pierce vs. Ryan, et al.

(c)     Bodily injury, resulting from bruises, contusions and sprains and pain and suffering in a sum in excess of $25,000.00;

(d)     Fair market value of the guns that were seized in a sum in excess of $20,000.00;

(e)     Loss of personal property, through theft, while Plaintiff was incarcerated, in a sum in excess of $40,000.00;

(f)     Emotional distress resulting from twenty-three months of unlawful incarceration, in a sum in excess of $200,000.00;

(g)     Attorney's fees in defending the criminal case in the sum of $12,000.00;

(h)     Bail bond charges in a sum in excess of $3,000.00.

## COUNT II

### TIMMIE AGAINST SERGEANT RYAN, OFFICER HARRIS AND SHERIFF BULLOCK, FOR DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

42.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34 and ¶ 36 as fully set forth above

43.     Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, denied Timmie due process of law, while acting under color of state law, in violation of the Fourteen Amendment to the United States Constitution and 42 U.S.C. § 1983, by obtaining materials from Timmie's home in a warrantless search, then arresting Timmie without a warrant, then beating him while handcuffed, then participating in the prosecution of criminal charges against

Pierce vs. Ryan, et al.

him by using the illegally obtained materials, causing Timmie to sustain the following damages:

(a)     Imprisonment for a period of twenty-one months, and incarceration for an additional two months, for a total of twenty-three months, resulting in loss of freedom of movement, in a sum in excess of $1,000,000.00.

(b)     Loss of wages in a sum in excess of $80,000.00;

(c)     Bodily injury, resulting from bruises, contusions and sprains and pain and suffering in a sum in excess of $25,000.00;

(d)     Fair market value of the guns that were seized in a sum in excess of $20,000.00;

(e)     Loss of personal property, through theft, while Plaintiff was incarcerated, in a sum in excess of $40,000.00;

(f)     Emotional distress resulting from twenty-three months of unlawful incarceration, in a sum in excess of $200,000.00;

(g)     Attorney's fees in defending the criminal case in the sum of $12,000.00;

(h)     Bail bond charges in a sum in excess of $3,000.00.

44.     The conduct of Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification, warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

Pierce vs. Ryan, et al.

45.     Timmie has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00, which Timmie is entitled to recover from the Defendants under 42 U.S.C. § 1988.

## COUNT III

### (TIMMIE AGAINST DEFEDANTS, SERGEANT RYAN, OFFICER HARRIS AND SHERIFF BULLOCK FOR DENIAL OF EQUALPROTECTION OF THE LAW IN VIOLATION OF THE FOURTEEN AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983)

46.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34 and ¶ 36 as fully set forth above.

47.     The conduct of Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification, warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

48.     Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, treated Timmie differently from other citizens in that the Defendants had personal feelings of ill will toward Timmie and took the actions against him described above as a personal vendetta.  The Defendants treated Timmie differently than they treat similarly situated people in that they do not routinely conduct warrantless searches of other citizens of St. Francois County Missouri and they do not routinely handcuff and beat-up other citizens or arrest them without arrest warrants.

49.     Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, denied Timmie equal protection of the law, while acting under color of state law, in violation of the Fourteenth Amendment to the United States

Pierce vs. Ryan, et al.

Constitution and 42 U.S.C. § 1983, causing Timmie to suffer the following damages:

(a)     Imprisonment for a period of twenty-one months, and incarceration for an additional two months, for a total of twenty-three months, resulting in loss of freedom of movement, in a sum in excess of $1,000,000.00.

(b)     Loss of wages in a sum in excess of $80,000.00;

(c)     Bodily injury, resulting from bruises, contusions and sprains and pain and suffering in a sum in excess of $25,000.00;

(d)     Fair market value of the guns that were seized in a sum in excess of $20,000.00;

(e)     Loss of personal property, through theft, while Plaintiff was incarcerated, in a sum in excess of $40,000.00;

(f)     Emotional distress resulting from twenty-three months of unlawful incarceration, in a sum in excess of $200,000.00;

(g)     Attorney's fees in defending the criminal case in the sum of $12,000.00;

(h)     Bail bond charges in a sum in excess of $3,000.00.

50.     Timmie has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00, which Timmie is entitled to recover from the Defendants under 42 U.S.C. § 1988.

Pierce vs. Ryan, et al.

## COUNT IV

### (TIMMIE AGAINST ST. FRANCOIS COUNTY, MISSOURI FOR DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983)

51.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34, 36, 37-41, 43-45 and 47-50, as fully set forth above.

52.     Defendant, St. Francois County Missouri, acting under color of state law, had a custom, practice or policy of administering state law in a manner that favored friends of the network of public officials to the detriment to those who are not friends of the public officials, and of permitting public officials to prosecute criminal actions in which the public official had a personal interest.

53.     Defendant, St. Francois County, Missouri, used inadequate hiring and training practices and policies to hire and train officials and employees, including Deputy Sheriffs, to avoid denying due process of law, and by failing to adequately hire and train employees, including Deputy Sheriffs, to avoid the prosecution of criminal actions against individuals by public officials with a personal interest in the case.

54.     Defendant, St. Francois County, Missouri, failed to train to its officials and employees, including Deputy Sheriffs, to afford due process of law to individuals charged with crimes by requiring the recusal of public officials when they have a personal interest in the outcome of the case.

55.     Defendant St. Francois County, Missouri's hiring and training practices are inadequate.

Pierce vs. Ryan, et al.

56.     Defendant St. Francois County, Missouri officials and employees were deliberately indifferent to the rights of others in adopting its policies, customs and practices and in failing to train its officials and employees, including Deputy Sheriffs.

57.     By adopting the policies, customs, practices and procedures described above, and by adopting the hiring practices and by failing to train its officials and employees as described above, Defendant, St. Francois County, Missouri, proximately caused Timmie to sustain damages in a sum in excess of $1,000,000.00 in violation of 42 U.S.C. § 1983 and the Fourteen Amendment to the Constitution of the United States.

58.     Timmie has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00, which he is entitled to recover under 42 U.S.C. § 1988.

**COUNT V**

**(TIMMIE AGAINST DEFENDANTS, SERGEANT RYAN, OFFICER HARRIS, SHERIFF BULLOCK AND ST. FRANCOIS COUNTY, MISSOURI, FOR COMMON LAW FALSE IMPRISONMENT)**

59.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34 as fully set forth above.

60.     Defendants, Sergeant Ryan, Officer Harris, Sheriff Bullock and St. Francois County, Missouri, acting in concert, falsely arrested, prosecuted and imprisoned Timmie without probable cause, causing Timmie to sustain the following damages:

Pierce vs. Ryan, et al.

(a)     Imprisonment for a period of twenty-one months, and incarceration for an additional two months, for a total of twenty-three months, resulting in loss of freedom of movement, in a sum in excess of $1,000,000.00.

(b)     Loss of wages in a sum in excess of $80,000.00;

(c)     Bodily injury, resulting from bruises, contusions and sprains and pain and suffering in a sum in excess of $25,000.00;

(d)     Fair market value of the guns that were seized in a sum in excess of $20,000.00;

(e)     Loss of personal property, through theft, while Plaintiff was incarcerated, in a sum in excess of $40,000.00;

(f)     Emotional distress resulting from twenty-three months of unlawful incarceration, in a sum in excess of $200,000.00;

(g)     Attorney's fees in defending the criminal case in the sum of $12,000.00;

(h)     Bail bond charges in a sum in excess of $3,000.00.

61.     The conduct of Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification, warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

Pierce vs. Ryan, et al.

## COUNT VI

### (TIMMIE AGAINST DEFENDANTS, SERGEANT RYAN, OFFICER HARRIS, SHERIFF BULLOCK AND ST. FRANCOIS COUNTY, MISSOURI, FOR COMMON LAW MALICIOUS PROSECUTION)

62.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34 as fully set forth above.

63.     The conduct of Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification, warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

64.     Defendants, Sergeant Ryan, Officer Harris, Sheriff Bullock and St. Francois County, Missouri, initiated and prosecuted the criminal case against Timmie, without probable cause.  The criminal case terminated in favor of Timmie when the Court of Appeals vacated the conviction and sentence and reversed the Order denying his Motion to Suppress.  All four Defendants were motivated by malice in prosecuting the criminal case against Timmie.

65.     As a direct result of the filing and prosecution of the criminal case, Timmie sustained the following damages:

(a)     Imprisonment for a period of twenty-one months, and incarceration for an additional two months, for a total of twenty-three months, resulting in loss of freedom of movement, in a sum in excess of $1,000,000.00.

(b)     Loss of wages in a sum in excess of $80,000.00;

(c)     Bodily injury, resulting from bruises, contusions and sprains and pain and suffering in a sum in excess of $25,000.00;

Pierce vs. Ryan, et al.

(d)     Fair market value of the guns that were seized in a sum in excess of $20,000.00;

(e)     Loss of personal property, through theft, while Plaintiff was incarcerated, in a sum in excess of $40,000.00;

(f)     Emotional distress resulting from twenty-three months of unlawful incarceration, in a sum in excess of $200,000.00;

(g)     Attorney's fees in defending the criminal case in the sum of $12,000.00;

(h)     Bail bond charges in a sum in excess of $3,000.00.

## COUNT VII

### (TIMMIE AGAINST DEFENDANTS, SERGEANT RYAN, OFFICER HARRIS, SHERIFF BULLOCK AND ST. FRANCOIS COUNTY, MISSOURI, FOR COMMON LAW CONVERSATION

66.     Plaintiff, realleges and incorporates herein by reference ¶¶ 1-34 as fully set forth above.

67.     Defendants, Sergeant Ryan, Officer Harris, Sheriff Bullock and St. Francois County, Missouri, acting in concert, illegally obtained possession of Timmie's twenty-two guns, and, after his conviction was reversed and vacated, ignored demands for the return of Timmie's guns, all to Timmie's damages in a sum in excess of $20,000.00.

68.     The conduct of Defendants, Sergeant Ryan, Officer Harris and Sheriff Bullock, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification, warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

Pierce vs. Ryan, et al.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Timmie Alan Pierce, prays for the following relief:

For Judgment against Defendants, Michael Ryan, Timothy Harris, Daniel Bullock and St. Francois County, Missouri, jointly and severally, for damage awards for the following amounts:

(a)     $500,000.00 for false imprisonment for twenty-three months;

(b)     $80,000.00 for lost wages during imprisonment;

(c)     $12,000.00 for attorney's fees in defending the criminal case;

(d)     $40,000.00 for the loss of personal property while imprisoned;

(e)     $25,000.00 for personal injuries, pain and suffering, resulting from the beating at the time of arrest;

(f)     $3,000.00 for bail bond expenses;

(g)     $1,000,000.00 for emotional distress resulting from twenty-three months of unlawful incarceration;

(h)     $200,000.00 for emotional distress;

(i)     $20,000.00 for the fair market value of the twenty-two guns that were seized;

(j)     For attorney's fees in prosecuting this case in a sum in excess of $100,000.00.

Plaintiff also moves the Court for Judgment awarding punitive damages in favor of Plaintiff and against the following Defendants separately:

(a)     Against Defendant Michael Ryan in a sum in excess of $200,000.00;

Pierce vs. Ryan, et al.

      (b)     Against Defendant Timothy Harris in a sum in excess of $200,000.00;

      (c)     Against Defendant Daniel Bullock in a sum in excess of $200,000.00.

Plaintiff also requests an award of Court costs in his favor and against all four Defendants, jointly and severally.

/s/ David M. Duree
David M. Duree, MBE 21003
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:  618-628-0186
Fax:  618-628-0259
Email:  law@dmduree.net

*Attorney for Plaintiff, Timmie Alan Pierce*

Pierce vs. Ryan, et al.